*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★       ★ ★ ★

## OPINION

No. 04-09-00163-CV

Israel **GARCIA**, et al.,
Appellants

v.

Richard **GARZA**, as Independent Executor of the Estate of Homer Dean, Jr., Deceased;
Dean Partners, Ltd.; and B.J. Shepherd,
Appellees

From the 79th Judicial District Court, Brooks County, Texas
Trial Court No. 09-03-14999-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Marialyn Barnard, Justice

Delivered and Filed: February 3, 2010

AFFIRMED

In March 2008, Israel Garcia and other members of the Garcia family filed suit against Homer E. Dean Jr.; Dean Partners, Ltd.;[1] and B.J. Shepherd, (hereinafter "Dean and Shepherd") concerning mineral interests conveyed to Dean and Shepherd by members of the Garcia family as attorneys' fees in 1975. Dean and Shepherd moved for summary judgment on grounds of limitations,

---

[1] A partnership in which Homer E. Dean Jr. was a general partner.

lack of privity, lack of standing, and laches. The trial court granted the summary judgment motion and signed a take-nothing judgment against the Garcias. The Garcias appeal from this judgment. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. The 1975 Partition Suit

In April 1975, attorneys Dean and Shepherd began representation of twelve members of the Garcia family in a suit to partition land in Brooks County, Texas, known as Rancho Nuevo and Rancho Salado. Even though they had no written fee agreement with the Garcias, Dean and Shepherd filed the partition suit and reached a settlement agreement with the opposing parties in the case. The settlement agreement partitioned the surface estate but did not partition the mineral estate. On December 8, 1975, Dean and Shepherd presented the settlement agreement to the trial court. On December 19, 1975, the trial court signed a final judgment in the partition suit.

On December 16, 1975, after the settlement agreement was presented to the trial court but before the final judgment was signed, the Garcias went to Dean's office, where they were asked to sign various documents. One of these documents was a written fee agreement. All but two of the Garcias, Oscar and Viola Garcia, signed the fee agreement, which stated, in relevant part,

> It is hereby agreed by and between Homer E. Dean, Jr., and B.J. Shepherd, as attorneys, and . . . [the] clients of said attorneys, that the following will be the total amount of attorneys' fees to be paid to said attorneys for their services in cause No. 2423 [sic] in the District Court of Brooks County, Texas, styled *Jose A. Gonzales et al. vs. Tomasa G. Figueroa et al.*:
>
> Total attorneys' fees $5,000.00 to be paid in cash and *clients furthermore agree to execute to said attorneys a mineral deed deeding to said attorneys one-half (1/2) of*

> *the mineral interest acquired by each of said plaintiffs* in a partition of the property
> in the above entitled and numbered cause . . . .

(emphasis added).

All of the Garcias, including Oscar and Viola Garcia, then signed a mineral deed conveying to Dean and Shepherd one-half of the mineral interests in the land in question. This mineral deed, dated December 16, 1975, was recorded in the Brooks County deed records on December 23, 1975.

### 2. The Present Suit

More than thirty-two years later, in March 2008, members of the Garcia family filed suit against Dean and Shepherd, seeking to recover the mineral interests conveyed to Dean and Shepherd in 1975. The plaintiffs in the present suit included five members of the Garcia family who were represented by Dean and Shepherd in the 1975 partition suit—Tomasita Ramos, Maria Garcia, Gloria Garcia, Oscar Garcia, and Viola Garcia. The plaintiffs in the present suit also included the heirs of other Garcia family members who were represented by Dean and Shepherd in the 1975 partition suit, but died by the time the present suit was filed.

Initially, the Garcias' petition alleged six causes of action: (1) a quiet title action; (2) a slander of title action; (3) a trespass to try title action; (4) an accounting action; (5) a constructive trust action; and (6) a declaratory judgment action. Later, the petition was amended to add causes of action for breach of fiduciary duty and fraud. The breach of fiduciary duty and fraud claims, however, were brought only by the plaintiffs who had had an attorney-client relationship with Dean and Shepherd and had signed the mineral deed in 1975.

The Garcias' claims were based on factual allegations that Dean and Shepherd:

-forced their clients to execute a mineral deed in Dean's and Shepherd's favor without making full disclosure of their conflicts of interest;

-impaired the interests of their clients in the underlying litigation because the mineral interests should have been partitioned along with the surface estate;

-preferred their own improper financial interest by keeping the mineral estate undivided in the partition suit, and thus, did not fulfill their duties to their clients and protect their mineral interests;

-misrepresented to their clients in December 1975 that the mineral deed was necessary to complete the partition of the property;

-failed to inform the trial court of the grant of mineral interests to them;

-altered the partition deed after it was executed by their clients and then misrepresented to their clients the reasons for doing so;

-failed to disclose the value of the mineral estate they wrongfully obtained from their clients.

The Garcias' petition alleged the discovery rule applied to defer the accrual of all of their causes of action. Additionally, the petition alleged that the Garcias exercised reasonable diligence but did not discover the breaches of fiduciary duty and other wrongs against them until November 2007.

Dean and Shepherd answered the suit, denying the allegations in the petition. Shortly after the suit was filed, Dean died and the personal representative of his estate—Richard Garza—was substituted in Dean's place.

### 3. The Summary Judgment Proceedings

On October 8, 2008, Dean and Shepherd filed a motion for summary judgment arguing, among other things, that all of the Garcias' claims were barred by the four-year statute of limitations.

Dean and Shepherd further argued the discovery rule did not operate to defer the statute of limitations because the deed was recorded in the deed records and "[b]ecause the . . . [m]ineral [d]eed is a public record and constitutes public notice to the Plaintiffs, the Plaintiffs' claims, categorically, were not 'inherently undiscoverable.'"

On October 31, 2008, the Garcias amended their petition to include claims for breach of fiduciary duty and fraud.[2] On the same day, the Garcias filed a response to the summary judgment motion. In the response, the Garcias argued their trespass to try title and quiet title claims were not subject to any statute of limitations because the mineral deed was void ab initio. The Garcias also argued the statute of limitations did not bar their breach of fiduciary duty claim because the discovery rule deferred the accrual of their causes of action. In support of this argument, the Garcias argued that the family members who signed the fee agreement and deed in 1975 did so only because the nature of these documents was misrepresented to them.

On November 20, 2008, Dean and Shepherd filed a supplemental motion for summary judgment, arguing laches barred the Garcias' claims for breach of fiduciary duty and fraud.

On November 25, 2008, Dean and Shepherd filed a reply to the Garcias' response, arguing: (1) summary judgment should be granted on the Garcias' title actions, accounting action, constructive trust action, and declaratory judgment action because limitations had expired; and (2) the Garcias did not create a genuine issue of material fact with respect to their breach of fiduciary duty and fraud claims because the Garcias had notice of Dean's and Shepherd's claims to the mineral

---

[2] The fraud allegations were against Dean only.

interests in 1975 when the mineral deed was signed, as well as in 1980 when a mineral lease listing Dean and Shepherd as co-owners was signed.

On December 1, 2008, the trial court held a hearing on the motion for summary judgment. At the hearing, the Garcias complained they had not received a copy of Dean's and Shepherd's reply brief and any accompanying proof and they had not received the required twenty-one days' notice of these documents and the supplemental summary judgment motion. The trial court then gave the Garcias two weeks to file their response and deferred ruling on the summary judgment motions until after the Garcias had filed their response.

On December 15, 2008, the Garcias filed a response, in which they "object[ed] to Defendants' Supplemental Motion for Summary Judgment and Reply Brief to the extent that they refer to and/or attach evidence not submitted to the Court at least twenty-one days prior to the December 1, 2008 hearing on Defendants' Motion for Summary Judgment, as required by Rule 166a(c) of the Texas Rules of Civil Procedure." Additionally, the Garcias complained that by arguing the discovery rule applied but did not defer the accrual of the causes of action, Dean and Shepherd impermissibly presented a new and independent ground for summary judgment in their reply. Finally, the Garcias argued summary judgment could not be granted on the ground of laches because (1) as to the legal claims of breach of fiduciary duty and fraud, laches did not apply, and (2) as to the equitable claims of constructive trust and accounting, controverting evidence created a fact issue as to whether the Garcias unreasonably delayed in asserting their rights, and therefore, laches was not established.

On December 18, 2008, the trial court signed an order granting summary judgment in favor of Dean and Shepherd as to all claims. The order expressly grants Dean and Shepherd "leave from the twenty[-]one day service requirement in TEX. R. CIV. P. 166a(c)." The order does not specify the ground or grounds upon which summary judgment was granted.

## ISSUES PRESENTED

In seven issues, the Garcias argue the summary judgment is insupportable on the grounds asserted and must, therefore, be reversed and remanded for trial. First, the Garcias argue the summary judgment was procedurally defective. Second, the Garcias argue Dean and Shepherd did not discharge their burden to negate the discovery rule's application as a matter of law with respect to their breach of fiduciary duty and fraud claims. Third, the Garcias argue the summary judgment evidence was conflicting as to when the Garcias knew or should have known of their legal injury with respect to their breach of fiduciary duty and fraud claims. Fourth, the Garcias argue the defense of laches was inapplicable to their breach of fiduciary duty and fraud claims. Fifth, the Garcias argue the defense of limitations was inapplicable to their trespass to try title and suit to quiet title claims because the perpetual mineral deed was void ab initio. Sixth, the Garcias argue the summary judgment was insupportable on the ground of lack of privity because privity was not required for their claims. Finally, the Garcias argue the summary judgment was insupportable on the ground of lack of standing because the breach of fiduciary duty and fraud claims were brought only by former clients and they have standing to bring suit.

In response to the issues presented on appeal, Dean and Shepherd make three categories of arguments. First, Dean and Shepherd argue the summary judgment was properly granted on the

ground of limitations as to the causes of action for (1) suit to quiet title, (2) slander of title, (3) trespass to try title, (4) accounting, (5) constructive trust, and (6) declaratory judgment. In support of this argument, Dean and Shepherd assert they established their limitations defense because the mineral deed was not void ab initio, but merely voidable. Second, Dean and Shepherd argue the summary judgment was properly granted on the ground of laches as to their breach of fiduciary duty and fraud claims. In support of this argument, Dean and Shepherd assert the breach of fiduciary duty and fraud claims, as presented in this case, are not purely legal claims. Finally, Dean and Shepherd argue the summary judgment was properly granted on the grounds of limitations and laches, and therefore, the standing and privity issues are unnecessary to the disposition of this appeal.

## SUMMARY JUDGMENT STANDARDS

To prevail on a motion for summary judgment, the movants must establish that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). A defendant who conclusively negates at least one of the essential elements of a cause of action is entitled to summary judgment as to that cause of action. *Randall's*, 891 S.W.2d at 644; *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993). Similarly, a defendant who conclusively establishes each element of an affirmative defense is entitled to summary judgment. *Randall's*, 891 S.W.2d at 644.

Summary judgment motions must stand or fall on their own merits. *McConnell v. Southside Indep. School Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). However, once the movant establishes his right to summary judgment as a matter of law, the burden then shifts to the non-movant to present issues which

preclude summary judgment. *Romo v. Texas Dept. of Transp.*, 48 S.W.3d 265, 269 (Tex. App.—San Antonio 2001, no pet.) (citing *Clear Creek*, 589 S.W.2d at 678). The non-movant must expressly present to the trial court by written answer or response any issues defeating the movant's entitlement to summary judgment. *McConnell*, 858 S.W.2d at 343; *Clear Creek*, 589 S.W.2d at 677 ("[B]oth the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing.").

In reviewing a summary judgment, the appellate court must accept as true evidence in favor of the non-movant, indulging every reasonable inference and resolving all doubts in his or her favor. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex. 1987). When the order granting summary judgment does not specify the particular grounds the trial court sustained, the appellate court must uphold the summary judgment on any ground asserted by the movant that is supported by the evidence and pleadings. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

## "UNTIMELY" REPLY AND SUMMARY JUDGMENT PROOF

In their first issue, the Garcias argue the summary judgment "on Appellants' breach of fiduciary duty and fraud claims simply cannot be sustained based on untimely, improperly-asserted arguments about the discovery rule in the Appellees' Reply Brief." In particular, the Garcias argue the summary judgment is procedurally defective because the trial judge allowed Dean and Shepherd to raise a new summary judgment ground in their reply brief and to file summary judgment evidence after the deadline under the procedural rules.

### 1. Applicable Law

Texas Rule of Civil Procedure 166a, which governs summary judgments, does not set a deadline for a movant to file a reply to a non-movant's response. TEX. R. CIV. P. 166a; *Cmty. Initiatives, Inc. v. Chase Bank of Texas*, 153 S.W.3d 270, 280 (Tex. App.—El Paso 2004, no pet.). According to case law, the movant is entitled to file its reply until the date of the summary judgment hearing. *Chase Bank*, 153 S.W.3d at 280. The movant, however, is not entitled to use its reply to amend its motion for summary judgment or to raise new and independent summary judgment grounds. *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 4 (Tex. App.—San Antonio 2000, pet. denied); *Sanders v. Capitol Area Council, Boy Scouts of Am.*, 930 S.W.2d 905, 911 (Tex. App.—Austin 1996, no writ).

Texas Rule of Civil Procedure 166a(c) permits the late filing of summary judgment proof with leave of court. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing."); *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *Valores Corporativos, S.A. de C.V. v. McLane Co., Inc.*, 945 S.W.2d 160, 162 (Tex. App.—San Antonio 1997, writ denied). The trial court has the discretion to control late filings in summary judgment proceedings. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex. 2002). It is appropriate for the trial court to grant leave for the late filing of summary judgment proof when the summary judgment movant is attempting to counter arguments presented in the non-movant's response. *See Lawler v. Dallas Statler-Hilton Joint Venture*, 793 S.W.2d 27, 29-30 (Tex.

App.—Dallas 1990, writ denied) (holding the trial court did not err in granting leave to file supplemental affidavits less than twenty-one days before the summary judgment hearing).

### 2. Analysis

First, the Garcias contend the summary judgment was procedurally defective because Dean and Shepherd raised a new and independent ground—the application of the discovery rule—in their reply brief. In their summary judgment motion, Dean and Shepherd argued (1) the discovery rule did not apply to defer the Garcias' claims because their injury was not "inherently undiscoverable," and (2) the Garcias had constructive notice of any injury because the mineral deed was recorded in the public deed records. In their response, the Garcias argued they could not have had constructive notice of their injury based on the public deed records. In their reply, Dean and Shepherd then countered that even if the discovery rule did apply, it did not defer the accrual of the Garcias' claims because the Garcias knew or should have known of the facts underlying their claims in 1975 or, at the latest, in 1980. Given the progression of the arguments in this case, the discovery rule argument made in Dean's and Shepherd's reply brief—that the Garcias knew or should have known of the facts forming the basis of their injury in 1975 or 1980—was not a new and independent ground for summary judgment. We conclude Dean and Shepherd did not impermissibly raise a new and independent summary judgment ground in their reply brief.

Second, the Garcias contend the summary judgment proof attached to Dean's and Shepherd's reply brief could not have been considered in support of the summary judgment because it was not served at least twenty-one days before the hearing, and the trial court's order granted leave only as to the supplemental motion and not the proof attached to the reply brief. We disagree. The record

shows the Garcias objected to the evidence attached to the supplemental summary judgment motion and the reply brief based on non-compliance with the twenty-one day service requirement. In its summary judgment order, the trial court granted Dean and Shepherd leave from the twenty-one day service requirement. The order states, "IT IS, THEREFORE, ORDERED that Defendants are granted leave from the twenty[-]one day service requirement in TEX. R. CIV. P. 166a(c) and are entitled to proceed forward and argue the summary judgment grounds in Defendants' Supplemental Motion for Summary Judgment." This order does not limit the granting of leave to the proof attached to the supplemental summary judgment motion.

Additionally, the record shows the Garcias' attorney agreed to the summary judgment procedure employed by the trial court. At the summary judgment hearing, the following exchange took place between the Garcias' attorney, Mr. Sarles; the trial court; and Dean's and Shepherd's attorney, Mr. Watson:

> Mr. Sarles: First of all, Your Honor, . . . I think I have an objection, but I'm not sure. Apparently, counsel's referring to a reply brief that was filed with the Court that has not been served on me. . . . If it was served within the last week, it obviously wasn't served 21 days before the hearing.
>
> The Court: Reply brief, Counsel?
>
> Mr. Watson: Yes, Judge. I mentioned my reply. That was filed last Tuesday. Now, there—I don't believe there's a rule on a reply to a response . . . in fact, I'm certain there's not.
>
> Mr. Sarles: Well, I'm certain there is, Your Honor, and that is this: If they've attached evidence to that reply, exhibits to that, those documents had to be filed 21 days before today's hearing. They can file a reply, they can argue the law, they can show up with the law and argue the law, obviously, but what—

The Court:        Well, you—

Mr. Sarles:       —they can't do is put it in evidence.

The Court:        Well, the reply brief is simply briefing of the law.

Mr. Watson:       That's correct.

The Court:        Is it anything more than that, counsel?

Mr. Watson:       Well, contained in the reply is also directions to why we believe they're sham affidavits and we object to them. But . . . we can urge an objection to something in the response through the reply.

The Court:        Yeah. That wouldn't be part of the summary judgment proof is what you're seeking [sic]; is that correct?

Mr. Sarles:       That's correct, Your Honor. My point was I heard from counsel that there was an Exhibit E to the reply, and if there are exhibits attached to the reply, we object to it. We're entitled to 21 days' notice on it. On the Supplemental Motion the same thing, Your Honor. The laches issue has been raised here at the eleventh hour. The Court moved this hearing actually—

The Court:        Well—well, let me tell you . . . my inclination is, because what we're doing here certainly is not evidentiary, it's simply argument. I've got to consider . . . the motions and the responses and . . . the appropriate . . . summary . . . judgment proof attached to those. But as far as the Supplemental Motion for Summary Judgment, I don't want to bring everybody back down here. How long will it take for you to provide a response to that and I'll just take it on submission?

Mr. Sarles:       I would think, Your Honor, if we have a couple of weeks to respond to it.

The Court:        Fourteen days?

Mr. Sarles:       *That would be more than sufficient.*

The Court:        I won't make any ruling on the . . . Supplemental Motion for Summary Judgment, and I'll allow you 14 days to file a response from today's date, December 15, to get that filed.

Mr. Sarles:    *Fine.*

The Court:    On or before December 15th then.

Mr. Sarles:    *That'll be fine, Your Honor.*

(emphasis added).

Given that the Garcias acquiesced to the procedure employed by the trial court, they are in no position to complain about it on appeal. "A party cannot encourage the court to take a particular action and then complain on appeal that the trial court erred by taking it." *Doucet v. Owens-Corning Fiberglas Corp.*, 966 S.W.2d 161, 165 (Tex. App.—Beaumont 1998, pet. denied); *see also Everest Exploration, Inc. v. URI, Inc.*, 131 S.W.3d 138, 142 n. 1 (Tex. App.—San Antonio 2004, no pet.) (holding affidavits were part of summary judgment record and would not be disregarded on appeal when the affidavits were filed pursuant to procedures set forth in an agreed order). And, as shown above, the trial court not only allowed Dean and Shepherd to file their supplemental summary judgment motion, reply brief, and accompanying proof, it also gave the Garcias an opportunity to respond to these documents.

We conclude the summary judgment is not procedurally defective and overrule the Garcias' first issue.

### BREACH OF FIDUCIARY DUTY AND FRAUD CLAIMS

**1. Limitations**

**a. Applicable Law**

In their motion for summary judgment, Dean and Shepherd argued the Garcias' claims were barred by the four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051

(Vernon 2008). "[T]he primary purpose of . . . all limitation statutes[] is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available." *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990); *see Sanchez v. Archdiocese of San Antonio*, 873 S.W.2d 87, 90 (Tex. App.—San Antonio 1994, writ denied). "It is in society's best interest to grant repose by requiring that disputes be settled or barred within a reasonable time." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001).

The discovery rule is a very limited exception to statutes of limitation and applies only in those cases in which the nature of the injury is both inherently undiscoverable and objectively verifiable. *Id.* The discovery rule exception operates to defer the accrual of a cause of action until the plaintiff knows, or in the exercise of reasonable diligence, should know of the facts giving rise to the claim. *Id.* Generally, the discovery rule applies to breach of fiduciary duty claims. *See S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996). However, even in the context of a fiduciary relationship, the plaintiff must still exercise reasonable diligence in discovering the nature of the injury. *See id.* ("While a person to whom a fiduciary duty is owed is relieved of the responsibility of diligent inquiry into the fiduciary's conduct, so long as that relationship exists, when the fact of misconduct becomes apparent it can no longer be ignored, regardless of the nature of the relationship.").

A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). When the plaintiff pleads the discovery rule as an exception to limitations, the defendant must negate that exception as well. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). The defendant must (1) conclusively prove when the cause of action

accrued, and (2) prove as a matter of law that there is no genuine issue of material fact about when the plaintiff discovered or, in the exercise of reasonable diligence, should have discovered the nature of its injury. *KPMG Peat Marwick*, 988 S.W.2d at 748. If the defendant establishes that the statute of limitations bars the action, the plaintiff must then produce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id*.

### b. Issues Presented

In their second issue, the Garcias argue the summary judgment was improper as to the breach of fiduciary duty and fraud claims because Dean and Shepherd did not discharge their burden to negate the discovery rule as a matter of law. In their third issue, the Garcias argue the trial court's grant of summary judgment was improper because there was conflicting evidence on the issue of the Garcias' "knowledge" of the fraud and breach of fiduciary duty. Thus, the Garcias contend Dean and Shepherd failed to prove as a matter of law that there was no genuine issue of material fact about when the Garcias discovered or, in the exercise of reasonable diligence, should have discovered the nature of their injury. In response, Dean and Shepherd argue if the summary judgment was proper on the ground of laches, this court need not address whether Dean and Shepherd met their burden to negate the discovery rule as to the breach of fiduciary duty and fraud claims. We agree, and therefore, turn to the issue of whether summary judgment was proper on the ground of laches.

### 2. Laches

### a. Applicable Law

Generally, in order to establish a laches defense, the defendants must show (1) the plaintiffs unreasonably delayed in asserting their claim, and (2) the defendants have detrimentally changed

their position because of the delay. *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 415 (Tex. App.—Corpus Christi 2001, pet. denied); *Green v. Parrack*, 974 S.W.2d 200, 203-04 (Tex. App.—San Antonio 1998, no writ). The contours of the defense of laches have been described as follows:

> The application of laches, however, is *usually limited to cases arising out of equity or actions at law that are essentially equitable in character.* Furthermore, this Court has held "laches . . . [is] peculiarly available against the assertion of equitable rights, and may not be invoked to resist the enforcement of a purely legal right." The present case is a claim for breach of contract, a legal right. Appellant has a complete, adequate, legal remedy in a suit for damages for the alleged breach of the lease agreement. Appellant seeks a legal remedy, money damages for back rent and appellee's alleged failure to maintain the property. This is a claim based in law, no specific performance or injunctive relief is requested . . . . We conclude that the defense of laches does not apply in this case.

*Wayne*, 52 S.W.3d at 415 (citations omitted) (emphasis added).

Equitable remedies are available for breach of fiduciary duty. *Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 584 (Tex. 1963) (holding the trial court properly imposed punitive damages as an equitable remedy for breach of fiduciary duty); *In re Kerr*, 293 S.W.3d 353, 358 (Tex. App.—Beaumont 2009, orig. proceeding [mand. denied]) (noting equitable remedies of constructive trust and profit disgorgement are available for breach of fiduciary duty). A constructive trust is an equitable remedy created by the courts to prevent unjust enrichment. *Medford v. Medford*, 68 S.W.3d 242, 248 (Tex. App.—Fort Worth 2002, no pet.). Actual fraud or breach of a confidential relationship must be present to justify the imposition of a constructive trust. *Meadows v. Bierschwale*, 516 S.W.2d 125, 128 (Tex. 1974). A suit for an accounting is generally founded in equity. *Southwest Livestock & Trucking Co. v. Dooley*, 884 S.W.2d 805, 809 (Tex. App.—San Antonio 1994, writ denied).

### b. Issues Presented

In their fourth issue, the Garcias argue the summary judgment was insupportable on the ground of laches as to their claims of breach of fiduciary duty and fraud. The Garcias do not argue Dean and Shepherd failed to establish the elements of laches. Instead, the Garcias argue laches does not apply to their breach of fiduciary duty and fraud claims because these claims are purely legal, not equitable, in character. To support this argument, the Garcias cite cases holding the defense of laches did not apply to claims involving the enforcement of purely statutory rights. *See, e.g., Tex. Attorney General v. Daurbigny*, 702 S.W.2d 298, 300-01 (Tex. App—Houston [1st Dist.] 1985, no writ) (holding laches was unavailable as a defense to a suit enforcing the statutory duty of a parent to support his children); *Ex parte Payne*, 598 S.W.2d 312, 318 (Tex. Civ. App.—Texarkana 1980, orig. proceeding) (holding defense of laches did not apply when the petitioner sought to enforce a purely statutory right—child support contempt proceedings under the Texas Family Code) *disapproved on other grounds* by *Huff v. Huff*, 648 S.W.2d 286, 290 (Tex. 1983).

Dean and Shepherd counter the summary judgment was supportable on the ground of laches because the Garcias' breach of fiduciary duty and fraud claims were essentially equitable in character. Dean and Shepherd also argue the Garcias' suit is essentially a fee forfeiture case, which is equitable in character. *See Burrow v. Arce*, 997 S.W.2d 229, 245-46 (Tex. 1999) (stating"[i]n a [fee] forfeiture case the value of the legal services rendered does not, as we have explained, dictate either the availability of the remedy or amount of the forfeiture. Both decisions are *inherently equitable* and must thus be made by the court.") (emphasis added).

### c. Analysis

An examination of the petition in this case shows the Garcias' claims and theories of recovery are largely intertwined. For example, the Garcias' trespass to try title and quiet title allegations are predicated on their breach of fiduciary duty and fraud allegations. Additionally, the Garcias seek substantial equitable relief in their petition. The Garcias' live pleading—their third amended petition—states: "Plaintiffs bring this action to redress the substantial wrong done to them by their attorneys and their family members, through fraud, breach of fiduciary obligations, and slander of title by quieting title to the subject property. Plaintiffs seek actual damages, punitive damages, an order quieting title, an accounting, and the imposition of a constructive trust." And, the prayer of the petition states,

> WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer and that on final trial Plaintiffs have:
>
> 1. For each and every legal cause of action set forth above, actual damages in excess of the jurisdictional limits of this Court in recompense for the losses described above;
>
> 2. For each and every legal cause of action set forth above in which punitive damages are requested, punitive damages against Dean and Shepherd in an amount equal to the maximum amount allowable under Texas law;
>
> 3. *An Order of this Court requiring a full accounting of all books, records, revenues, expenses, transfers, gifts, trusts and assignments of interest in the Rancho Nuevo and Salado Ranch properties as requested above;*
>
> 4. *A Judgment decreeing a constructive trust on the property described in this petition, with the defendant as constructive trustee for the benefit of the Plaintiffs;*
>
> 5. *A Judgment ordering Defendants, as constructive trustees, to convey the property described in this petition to Plaintiffs . . . .*

(emphasis added).

At oral argument, the Garcias cited several paragraphs in their petition which they contend show that they seek to recover monetary damages—a legal remedy—for their breach of fiduciary duty and fraud claims. An examination of these paragraphs, however, shows that monetary damages are not requested as an independent, alternative remedy, but rather are requested in conjunction with the equitable remedies requested.

As presented in their petition, the Garcias' breach of fiduciary duty and fraud claims are not purely legal claims. We, therefore, hold the defense of laches was available as to the Garcias' breach of fiduciary duty and fraud claims, and the summary judgment must be upheld on this ground. We overrule the Garcias' second, third, and fourth issues.

## TRESPASS TO TRY TITLE AND QUIET TITLE CLAIMS

In their fifth issue, the Garcias argue the summary judgment cannot be sustained as to their trespass to try title and quiet title claims because the mineral deed was void ab initio. In their responses to the motion for summary judgment, the Garcias argued the statute of limitations did not apply to them because the mineral deed was void ab initio. The cornerstone of this argument is a case in which the Texas Supreme Court concluded a trustee's deed was "absolutely void" because there was no default by the debtor and the deed of trust authorized the sale only upon default by the debtor. *Slaughter v. Qualls*, 162 S.W.2d 671, 675 (Tex. 1942). After concluding the deed was absolutely void because the trustee had no authority to convey the land, the supreme court held the trespass to try title suit was not barred by limitations. *Id*. As explained in *Slaughter*:

> The rule has long been . . . that where a deed is *absolutely void*, a suit at law in trespass to try title may be maintained to recover the land without setting the deed aside, and the statutes of limitation governing actions for the recovery of land apply. On the other hand, where a deed is merely voidable and the equity powers of the

court must first be invoked to cancel the deed before a suit can be maintained at law to recover the land, then the four-year statute . . . controls. Therefore, it is necessary for us to decide whether the trustee's deed was void or merely voidable in order to determine whether or not the suit was barred by limitation.

The question of whether the trustee's *deed is void or voidable depends on its effect upon the title at the time it was executed and delivered. If it was a mere nullity, passing no title and conferring no rights whatsoever, it was absolutely void*, but if it passed title to Mrs. Slaughter, the purchaser, subject only to the right of Qualls to have it set aside upon proof that the sale was improperly made, then it was merely voidable.

*Id*. at 674 (emphasis added). The supreme court further explained, "[t]hat which is void is without vitality or legal effect. That which is voidable operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained and declared." *Id*. at 676 (citation omitted).

Here, the Garcias argue the mineral deed was void ab initio because in obtaining the deed Dean and Shepherd violated two of the Texas disciplinary rules in effect at the time the deed was executed. The two disciplinary rules in question are former DR 5-103 and DR 5-104. In 1975, DR 5-103, entitled "Avoiding Acquisition of Interest in Litigation," stated:

(A)    A lawyer shall not acquire a proprietary interest in the cause of action or the subject matter of litigation he is conducting for a client, except that he may:

(1) Acquire a lien granted by law to secure his fee or expenses.
(2) Contract with a client for a reasonable contingent fee in a civil case.

STATE BAR OF TEXAS, RULES AND CODE OF PROFESSIONAL RESPONSIBILITY, DR 5-103, 34 TEX. B.J. 757, 766 (1971, superseded 1990) (current version at TEX. DISCIPLINARY R. PROF'L CONDUCT 1.08(h), *reprinted in* TEX. GOV'T CODE ANN., tit.2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR RULE art. X, § 9)).

In 1975, DR5-104, entitled "Limiting Business Relations with a Client," stated in relevant part:

> (A)    A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure.

STATE BAR OF TEXAS, RULES AND CODE OF PROFESSIONAL RESPONSIBILITY, DR 5-104, 34 TEX. B.J. 757, 766-67 (1971, superseded 1990) (current version at TEX. DISCIPLINARY R. PROF'L CONDUCT 1.08(a), *reprinted in* TEX. GOV'T CODE ANN., tit.2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR RULE art. X, § 9)).

In response, Dean and Shepherd contend there was no violation of the disciplinary rules. Specifically, Dean and Shepherd contend they did not violate these rules because by the time the deed was signed by the Garcias, the partition suit had been settled and Dean and Shepherd were no longer "conducting litigation." We find it unnecessary to address the merits of this contention.

The Garcias argue the mineral deed is "categorically 'void' rather than 'voidable[]' because it was procured as the result of violations of two applicable disciplinary rules for Texas attorneys, DR 5-103 and DR 5-104." The Garcias further argue "[a]ny contract that violates public policy is void and in 1975 the Texas Disciplinary Rules constituted the 'public policy' of the State of Texas." We are unpersuaded by the Garcias' premise that a violation of DR 5-103 or DR 5-104 would have automatically rendered the mineral deed in this case void ab initio. For the following reasons, we conclude the mineral deed in this case was not void ab initio as argued by the Garcias.[3]

---

[3] During oral argument, Dean's and Shepherd's counsel remarked that if a disciplinary rule had been violated, then the mineral deed would "arguably" be void and limitations would not apply. This remark has no effect on our disposition of this issue. First, counsel stated the mineral deed would "arguably" be void, and therefore, the remark was

First, the preamble to the current Rules of Professional Conduct states "[t]hese rules do not undertake to define standards of civil liability of lawyers for professional conduct. Violation of a rule does not give rise to a private cause of action nor does it create any presumption that a legal duty to a client has been breached." TEX. DISCIPLINARY RULE PROF'L CONDUCT preamble ¶ 15, *reprinted in* TEX. GOV'T CODE ANN., tit.2, subtit. G app. A (Vernon 2005) (Tex. State Bar Rule art. X, § 9). As recognized by the Fourteenth Court of Appeals:

> The Texas Disciplinary Rules of Professional Conduct do not define standards for civil liability and do not give rise to private claims. Nonetheless, a court may deem these rules to be an expression of public policy, so that a contract violating them is unenforceable as against public policy. *Although courts may, and often have, used these rules as a measure of public policy, they are not required to do so.*

*Dardas v. Fleming, Hovenkamp & Grayson, P.C.*, 194 S.W.3d 603, 613 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (citations omitted) (emphasis added); *see also Wright v. Sydow*, 173 S.W.3d 534, 549 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding that a settlement agreement would be enforced even if it were executed in violation of a Texas Disciplinary Rule of Professional Conduct and stating that a violation of one of these rules does not necessarily void a contract); *Primrose Operating Co., Inc. v. Jones*, 102 S.W.3d 188, 193 (Tex. App.—Amarillo 2003, pet. denied) (stating that disciplinary rules govern non-disciplinary proceedings only to the extent that they manifest public policy).

Second, the Garcias direct our attention to several cases in which Texas courts have concluded that agreements violating other disciplinary rules were unenforceable and void as against public policy. *See, e.g., Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 205 (Tex. 2002) ("A

---

qualified. Second, under our analysis we do not reach the issue of whether any disciplinary rule was violated.

fee sharing agreement between lawyers who are not in the same firm violates public policy and is unenforceable unless the client is advised of and consents to the sharing arrangement."); *Lemond v. Jamail*, 763 S.W.2d 910, 914 (Tex. App.—Houston [1st Dist.] 1988, writ denied) ("In substance, the trial judge . . . found . . . that the referral agreement is void and unenforceable as being against public policy because . . . the client . . . was never informed of the fee-splitting agreement . . . ."); *Quintero v. Jim Walter Homes, Inc.*, 709 S.W.2d 225, 229-30 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.) (holding a settlement agreement was void and unenforceable because the clients were not informed of the nature and amounts of all the claims involved in the aggregate settlement as required by DR 5-106); *Fleming v. Campbell*, 537 S.W.2d 118, 119 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.) (holding an attorney's referral fee contract was void because it was against the public policy expressed in DR 2-107); *but see Baron v. Mullinax, Wells, Mauzy & Baab, Inc.*, 623 S.W.2d 457, 461 (Tex. App.—Texarkana 1981, writ ref'd n.r.e.) (recognizing "[t]he public policy behind this disciplinary rule [DR 2-107] is that persons represented by lawyers in this State should be able to choose who finally represents them and the type of legal fees to be charged," but holding the contract in question was valid). However, the Garcias do not direct us to any cases holding agreements violating DR 5-103 and DR 5-104 were unenforceable and void as against public policy, and we have found none.

Finally, deeds are void ab initio under very limited circumstances. Forged deeds are void ab initio; however, deeds obtained by fraud, fraudulent misrepresentation, undue influence, or mutual mistake are not void, but voidable. 5 Alyosius A. Leopold, TEXAS PRACTICE: LAND TITLES AND TITLE EXAMINATION §§ 27.3—27.17 (3d ed. 2005 & Supp. 2009); *see also Dwairy v. Lopez*, 243

S.W.3d 710, 712 (Tex. App.—San Antonio 2007, no pet.) ("[A] forged deed passes no title."). Here, there are no allegations of forgery. Additionally, there are no allegations the Garcias did not have the authority to sign the mineral deed and convey the mineral interests in question.

The Garcias also suggest in their brief that even if the mineral deed was not void ab initio because it violated the disciplinary rules, the mineral deed was void because the Garcias were fraudulently induced to sign it. This argument, however, was not presented to the trial court. "Issues not expressly presented to the trial court by written motion, answer or other response" to the motion for summary judgment "shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). A party cannot raise new reasons why a summary judgment should have been denied for the first time on appeal. *Clear Creek*, 589 S.W.2d at 678-79. Because this argument was not presented to the trial court, we are precluded from reaching its merits.

Here, the summary judgment record, viewed in the light most favorable to the Garcias, shows the mineral deed was not void, but voidable. When a deed is merely voidable, then the four-year statute of limitations controls. *Slaughter*, 162 S.W.2d at 674. Because the mineral deed in this case was voidable, the four-year statute of limitations applied to the trespass to try title and quiet title actions and barred these claims. We, therefore, must uphold the summary judgment as to the trespass to try title and quiet title claims.

### REMAINING CLAIMS

The Garcias present no specific issues challenging the summary judgment as to their slander of title, constructive trust, accounting, and declaratory judgment claims on the ground of limitations. Additionally, the Garcias present no general issues challenging the summary judgment. When, as

here, an appellant fails to specifically challenge every ground raised in the motion for summary judgment, and fails to raise a general issue contending the trial court erred in granting summary judgment, the summary judgment must be upheld. *Gamboa v. Shaw*, 956 S.W.2d 662, 665- 66 (Tex. App.—San Antonio 1997, no writ) (citing *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970)). We, therefore, must uphold the summary judgment on the Garcias' remaining claims.

## CONCLUSION

Having concluded the summary judgment must be upheld on the grounds of limitations and laches, we need not address the Garcias' issues challenging the summary judgment on grounds of lack of privity and lack of standing. *See* TEX. R. APP. P. 47.1. The judgment of the trial court is affirmed.

Karen Angelini, Justice