



## MEMORANDUM OPINION

No. 04-11-00166-CV

Ray A. **BASALDUA**,
Appellant

v.

Veronica S. **GUINN**,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 1004-19989-CV
Honorable Camile G. Dubose, Judge Presiding

Opinion by:  Sandee Bryan Marion, Justice

Sitting:  Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  September 7, 2011

AFFIRMED

This is an appeal from a summary judgment rendered in favor of appellee.  We affirm.

## DISCUSSION

Appellant and appellee are both property owners in the Forest Woods Subdivision, Natalia, Texas.  Appellee has owned her house since July 2004, at which time the subdivision was subject to an October 2002 "Declaration of Limitation and Restrictions" ("Declaration") set forth by the developer.  Pursuant to the Declaration, the developer established an Architectural

Committee for the purpose of ensuring compliance with the limitations and restrictions. The Declaration provided, in pertinent part, as follows:

> Upon activation of the property owners association . . . all rights, duties and responsibilities of the Architectural Committee, except the right to amend these restrictions which shall terminate as to both the Architectural Committee and the property owners association, shall automatically be transferred to and vested in the Board of Directors of the property owners association, whereupon the Architectural Committee shall be and is hereby abolished.

The Forest Woods Subdivision established a property owners association in 2006.

In March 2010, the property owners association "Architectural Control Committee" approved a request by appellee for a variance for improvements on her property that had been in existence since 2004.[1] In August 2010, appellant sued appellee seeking a declaratory judgment that she had violated several restrictive covenants. Appellee moved for summary judgment on the grounds that she had received a variance from the restrictions contained in the Declaration. Appellee attached to her motion (1) the Architectural Control Committee's approval of her request, (2) a copy of the Declaration, and (3) her affidavit. In her affidavit, appellee stated she sought the variances from the Architectural Control Committee because she had received correspondence stating her "property variances would be 'grandfathered' due to their existence before the Property Owner's Association was formed, and [she] wanted official compliance."

Appellant responded to appellee's motion alleging there were genuine issues of material fact as to whether appellee was in violation of numerous restrictive covenants and as to whether appellee was conducting noxious activity on her property. Appellant alleged the property owners association was biased and that neither the restrictive covenants nor bylaws authorized the property owners association to give variances for noxious activity. The only exhibits attached to

---

[1] Appellee requested a variance to, among other things, maintain a storage shed and two horses on her property.

his response were the same exhibits (including appellee's affidavit) that appellee attached to her motion. The trial court granted appellee's motion for summary judgment.

For the first time on appeal, appellant asserts the trial court erred in granting appellee's motion for summary judgment because appellee and her attorney attached to her motion "forged documents and misrepresentations of evidence." "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c); *see also Garcia v. Garcia*, 311 S.W.3d 28, 35 (Tex. App.—San Antonio 2010, pet. denied). Thus, appellant may not raise these arguments for the first time on appeal as a reason to reverse the summary judgment. *See* TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (summary judgment non-movant could not raise for first time on appeal additional fact issue that was not raised in its response); *Aguilar v. Trujillo*, 162 S.W.3d 839, 854 (Tex. App.—El Paso 2005, pet. denied) (issue waived where non-movant did not present it in the summary judgment response).

Nevertheless, even if we consider these arguments, appellant does not identify which documents were forged and nothing in the record supports this allegation. As to his assertion that the trial court's order is based on "misrepresentations of evidence," appellant points to appellee's statement in her motion that she "received an official variance from the Architectural Committee." Appellant argues the Architectural Committee was abolished in 2006 upon formation of the property owners association. However, it is clear from appellee's motion for summary judgment that she received her variance from the Architectural Control Committee established by the property owners association. Appellant does not dispute that the Declaration espressly provides that "all rights, duties and responsibilities of the Architectural Committee [were] automatically . . . transferred to and vested in the Board of Directors of the property

owners association." Nor does appellant contend the Architectural Control Committee is not a duly formed committee of the property owners association's Board of Directors. Therefore, nothing in the record supports appellant's allegations that appellee misrepresented evidence. *Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 948 (Tex. App.—Houston [1st Dist.] 1993, no writ) (holding conclusionary remarks are insufficient to raise fact issue to prevent granting of summary judgment).

## CONCLUSION

We conclude the grounds upon which appellant challenges the trial court's summary judgment lack merit. Therefore, we overrule his issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice