Opinion filed July 14, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00212-CV
_____

## BRENT DOUGLAS DYER, Appellant

## V.

## JODI MARIE DYER, Appellee

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 024708**

## MEMORANDUM OPINION

This is an appeal from a Final Decree of Divorce in which, after discussing the matter with both parties during the final hearing, the trial court ordered that Brent Douglas Dyer (Appellant) and Jodi Marie Dyer (Appellee) sell two pieces of respective separate property together, as a single asset, and equally split the proceeds therefrom. In his first two issues, Appellant argues that the trial court abused its discretion in ordering the sale of his separate property. We disagree. Because Appellant invited the trial court to take this course of action, he is estopped from

complaining about it on appeal. In his third issue, Appellant argues that the trial court abused its discretion by awarding unconditional appellate attorney's fees to Appellee. We agree. Accordingly, we modify the Final Decree of Divorce to condition the trial court's award of appellate attorney's fees to Appellee upon her success on appeal. We affirm the Final Decree of Divorce as modified.

*Background*

In May of 2019, Appellant filed a petition for divorce from his wife, Appellee. A final hearing was held in December. The parties stipulated that a certain five-acre parcel of land was Appellant's separate property (the five acres) but that the mobile home sitting on that five-acre parcel was Appellee's separate property (the mobile home). The County Appraisal District valued the five acres to be worth $13,750 and valued the mobile home to be worth $17,000.

On direct examination during the final hearing, Appellant testified that he wanted to either buy the mobile home from Appellee or sell the five acres and mobile home as a single asset and split the proceeds equally. Appellant also testified that he already had interested buyers for the two pieces of separate property as a single asset. On direct examination, Appellee testified that she wanted to sell her mobile home to Appellant for $15,000 or, in the alternative, to sell her mobile home along with the five acres, as a single asset, and equally divide the proceeds between herself and Appellant. Appellant stated a preference for buying the mobile home over selling his five acres along with the mobile home as a single asset. Finally, in the latter part of the final hearing, Appellant was asked on cross-examination whether he was in agreement to sell his five acres along with the mobile home and split the proceeds. Appellant answered without qualification: "Yes." When then questioned regarding division of the 56-acre parcel of marital property, Appellant responded: "I mean . . . I think we've agreed on the five acres and the mobile home, so I feel like we can come to an agreement on the 56 acres." The trial court explained that the

2

time for negotiation between the parties had ended and that it was the court that would decide the property division. Having been so informed, the trial court asked Appellant some questions, and in the discussion the court stated, "And clearly you're not going to have the five acres and the mobile home in Hawley."

To conclude the hearing, the trial court then asked: "Okay. Anything else, Counselors?"—prompting the following brief exchange:

> [APPELLANT'S COUNSEL]: I would just urge the Court to consider something along the line of just selling the one asset. I think -- and I think he probably already knows somebody that will buy it.

> THE COURT: Okay.

> [APPELLEE'S COUNSEL]: The five acres and mobile home.

The trial court then took the matter under advisement. Accordingly, the trial court had heard Appellant's unconditional affirmation that he agreed to the plan of a joint sale of the five acres and mobile home and then splitting the proceeds of that sale. Appellant had offered sua sponte that they were "agreed on the five acres and the mobile home," and the trial court had then reminded Appellant that he would not have the five acres and the mobile home. The trial court invited the parties to bring up "anything else" before closing the final hearing so that it could take the matter under advisement before issuing a final order. Clearly, the trial court had given the parties every opportunity to modify, change, clarify, or explain their positions regarding the five acres and the mobile home—the separate properties of each.

The trial court issued a Final Decree of Divorce and subsequently issued Findings of Fact and Conclusions of Law. In its decree, the trial court ordered that the five-acre lot was Appellant's separate property and that the mobile home was Appellee's separate property. The trial court ordered "that the mobile home and 5-acre lot be listed for sale at the fair market value" and "that the net proceeds . . . be divided 50/50 as testified by the parties." The trial court further ordered that, "[i]n

3

the event the parties are unable to agree on the terms of sale . . . a receiver shall be appointed upon request of either party." Finally, the trial court ordered that either party "may purchase or 'buy out' the separate property of the other party in the event the parties mutually agree." The decree also contained an award of *unconditional* appellate attorney's fees to Appellee in the amount of $5,000 in the event of an appeal to this court, and another $5,000 in the event of an appeal from this court to the Supreme Court of Texas.

*Synopsis*

Appellant raises three issues on appeal. In his first two issues, Appellant contends that the trial court erred when it divested Appellant of his separate property. We do not address the arguments Appellant advances to support this contention because, as Appellee avers and as we explain below, Appellant is estopped from making this argument under *the invited error doctrine*. In his third issue, Appellant contends that the trial court abused its discretion in awarding unconditional appellate attorney's fees to Appellee. As discussed below, we agree. Appellant challenges the unconditional nature of the award of appellate attorney's fees, and we modify the Final Decree of Divorce to make the award conditional.

*Discussion*

### I. *Error, if any was invited by Appellant*

#### A. *Applicable Law*

The invited error doctrine has been recognized repeatedly by the Texas Supreme Court. *See In re G.X.H.*, 627 S.W.3d 288, 301 (Tex. 2021); *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009) (invited error doctrine applies when "a party requests the court to make a specific ruling, then complains of that ruling on appeal"); *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (estoppel requires a party to have "unequivocally taken a position in the trial court that is clearly adverse to its position on appeal"); *see also Holland v. Wal–*

4

*Mart Stores, Inc.*, 1 S.W.3d 91, 94–95 (Tex. 1999); *Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 321–22 (Tex. 1984); *Patton v. Dallas Gas Co.*, 192 S.W. 1060, 1062–63 (Tex. 1917). It is "elementary" that a party may not invite error by asking "something of a court and then complain[ing] that the court committed error in giving it to him." *Ne. Tex. Motor Lines, Inc. v. Hodges*, 158 S.W.2d 487, 488 (Tex. [Comm'n Op.] 1942); *Bluestar Energy Inc. v. Murphy*, 205 S.W.3d 96, 101 (Tex. App.—Eastland 2006, pet. denied). "Simply put, a party may not lead a trial court into error and then complain about it on appeal." *Keith v. Keith*, 221 S.W.3d 156, 163 (Tex. App.—Houston [1st Dist.] 2006, no pet.). This "rule is grounded in justice and dictated by common sense." *Tittizer*, 171 S.W.3d at 861. It "bars a party from convincing a trial court to take a particular action and then convincing an appellate court that the trial court's action was erroneous—that is, it prevents an appellant from having his cake and eating it too." *In re S.T.*, 508 S.W.3d 482, 485 (Tex. App.—Fort Worth 2015, no pet.). In short, the invited error doctrine "prevents a litigant from complaining about mistakes that he helped cause." *In re Marriage of Palacios*, 358 S.W.3d 662, 664 (Tex. App.—Amarillo 2009, pet. denied) (citing *Bluestar Energy, Inc.*, 205 S.W.3d at 101; *Keith*, 221 S.W.3d at 163).

B. *Analysis*

Appellant testified on direct examination that he either wanted to buy the mobile home from Appellee or wanted to sell the mobile home and five acres as a single asset and split the proceeds equally between himself and Appellee. On cross-examination, Appellant testified that he agreed to sell the mobile home and five acres as a single asset and split the proceeds equally between himself and Appellee. Further, at the end of the hearing, Appellant's trial counsel urged the trial court to order the sale of the mobile home and five acres as a single asset. Appellant "cannot now complain on appeal that [he] got what [he] asked for." *Sentinel Integrity Sols., Inc. v. Mistras Grp., Inc.*, 414 S.W.3d 911, 920 (Tex. App.—Houston [1st Dist.]

2013, pet. denied). If, in fact, the trial court should not have ordered that Appellant either sell his five acres along with Appellee's mobile home or purchase the mobile home from Appellee, the trial court's error in doing so was unmistakably induced by Appellant. "One will not be permitted to induce the trial court to adopt and pursue a certain course of action . . . and, after the court has done so, to then complain that the court committed error thereby." *Patton*, 192 S.W. at 1062. "A party cannot encourage the court to take a particular action and then complain on appeal that the trial court erred by taking it." *Garcia v. Garza*, 311 S.W.3d 28, 38 (Tex. App.—San Antonio 2010, pet. denied) (quoting *Doucet v. Owens-Corning Fiberglas Corp.*, 966 S.W.2d. 161, 165 (Tex. App.—Beaumont 1998, pet. denied)).

Appellant argues that the invited error doctrine is inapplicable because he never personally asked the trial court to order him to sell his five acres along with Appellee's mobile home and split the proceeds. We disagree. Invited error does not depend on the existence of an explicitly worded request. *See, e.g., In re Marriage of Palacios*, 358 S.W.3d at 664 (explaining that the trial court's error, if any, in dividing parties' marital property "was effectively invited by their effort, or lack thereof."); *In re Marriage of Postar*, No. 07-99-0116-CV, 2000 WL 1854770, at *3 (Tex. App.—Amarillo 2000, pet. denied) (not designated for publication) (applying invited error doctrine where Appellant did not explicitly request sale of his homes but "told the judge . . . [they] 'need to be sold[,]'" and "[t]he judge thereafter announced his decision to order the . . . houses sold."). Thus, even absent a targeted, explicitly worded request from Appellant that the trial court order the sale of his five acres, the error, if any, in doing so was still invited by Appellant.

But Appellant is mistaken for another reason. Namely, Appellant did, through his counsel, specifically request that the trial court order the sale of Appellant's five acres and Appellee's mobile home as one asset. At the conclusion of the hearing, when the trial court asked whether the parties had anything else to add,

6

Appellant's trial counsel responded, "I would just urge the Court to consider something along the line of just selling the one asset. . . . [A]nd I think he probably already knows somebody that will buy it." Appellee's trial counsel then said, ostensibly to clarify, "[t]he five acres and mobile home." Neither Appellant nor his trial counsel said anything else in reply or for further clarification. Appellant now argues that "it is entirely unclear" what Appellant's trial counsel was referring to when he requested a course of action that involved "selling the one asset." We disagree. Earlier in the proceedings, Appellant was asked about selling the two separate properties together and splitting the proceeds, and he not only supported the idea but said, "I have had interested people." Viewed in the context of the entire hearing, the trial court reasonably understood Appellant's trial counsel to be referring to the five acres and mobile home when he requested "selling *the one asset*[,]" particularly since he had explained to the trial court that Appellant "probably already knows somebody that will buy *it*."

We are further persuaded by the fact that Appellant's trial counsel remained silent after Appellee's trial counsel offered the clarificatory remark— "[t]he five acres and the mobile home."[1] We would expect, as the trial court could have expected, that if this clarification offered by Appellee's trial counsel were incorrect, Appellant's trial counsel would have said something to disabuse the trial court of that notion. "[W]here a definite statement of a matter of fact, affecting a party or his rights, is made in his presence or hearing so that he understands it, and the statement is of such a nature as to call for a reply, the statement, in connection with a total or partial failure to reply, is admissible as tending to show a concession of the truth of

---

[1]There was no relevant objection or clarification offered during the hearing on the Motion to Sign Final Decree on June 16, 2020. Appellant's filed Motion for New Trial states only that "this Court abused its discretion in making the property division" and nothing more. We decline to rule, as unnecessary, whether Appellant preserved error for review of the matter per Rule 33.1(a) of the Texas Rules of Appellate Procedure. *See In re Marriage of Postar*, 2000 WL 1854770, at *4.

the facts stated." *Miller v. Dyess*, 151 S.W.2d 186, 191 (Tex. 1941). The trial court's error, if any, "was effectively invited by [Appellant's trial counsel's] effort, or lack thereof." *In re Marriage of Palacios*, 358 S.W.3d at 664. In context, *absent further reply or denial from Appellant's trial counsel*, the trial court reasonably interpreted the phrase "the single asset" as referring to "[t]he five acres and the mobile home" uttered in immediate follow-up and in apparent clarification thereto.

Accordingly, because Appellant invited the trial court's complained-of treatment of his five acres, we hold that he is estopped from complaining about it on appeal. As such, Appellant's first two issues are overruled.

## II. *The trial court abused its discretion in awarding unconditional appellate attorney's fees to Appellee.*

### A. *Applicable Law*

"We review a trial court's award of appellate attorney's fees under the abuse of discretion standard." *J.C. Penney Life Ins. Co. v. Heinrich*, 32 S.W.3d 280, 289 (Tex. App.—San Antonio 2000, pet. denied) (citing *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998)). A trial court abuses its discretion when it acts "arbitrarily, unreasonably, or without reference to legal principles." *Berkel & Co. Contractors, Inc. v. Lee*, 612 S.W.3d 280, 287 (Tex. 2020). "A trial court may not penalize a party for taking a successful appeal." *Keith*, 221 S.W.3d at 171. Thus, an unconditional award of appellate attorney's fees is improper. *Id.* Trial courts "must condition the award of appellate attorney's fees upon the appellant's unsuccessful appeal." *Id.*

### B. *Analysis*

The trial court awarded unconditional appellate attorney's fees to Appellee. The trial court abused its discretion because a grant of unconditional appellate attorney's fees is never allowed. *See id.*; *see also Berkel & Co. Contractors, Inc.*, 612 S.W.3d at 287. However, "an unconditional award of appellate attorney's fees

does not require reversal; instead, we may modify a trial court's judgment to make the award of appellate attorney's fees contingent upon the receiving party's success on appeal." *Keith*, 221 S.W.3d at 171. Accordingly, we modify the trial court's decree to make the award of appellate attorney's fees contingent upon the Appellee's success on appeal. *Id.*

Appellant does not challenge an award of appellate attorney's fees to Appellee. Nor does Appellant challenge the reasonableness of the amount that was awarded—$5,000 per appeal. Consequently, we do not address those issues. Rather, Appellant challenged the *unconditional* nature of the award of appellate attorney's fees. We sustain Appellant's third issue. Thus, having overruled Appellant's other issues, we affirm, as modified, the trial court's award of $5,000 in appellate attorney's fees to Appellee. If Appellant appeals our decision, an award of further appellate attorney's fees to Appellee shall be contingent upon her success before the Supreme Court of Texas.

### *This Court's Ruling*

We modify the trial court's Final Decree of Divorce to condition the award of appellate attorney's fees to Appellee on the successful outcome of those appeals. As modified, we affirm the trial court's Final Decree of Divorce.

W. BRUCE WILLIAMS
JUSTICE

July 14, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.