**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00083-CV**

_____

**M & M RESOURCES, INC. and ENERGY LAND RESOURCES, Appellants**

**V.**

**DSTJ, LLP, DSTJ CORPORATION and MILESTONE OPERATING, INC.,
Appellees**

**On Appeal from the 172nd District Court
Jefferson County, Texas
Trial Cause No. A-172,979**

**OPINION**

M & M Resources, Inc. (M & M) and Energy Land Resources (ELR) appeal

two orders issued by the trial court under Texas Civil Practice and Remedies Code

section 51.014(d) sustaining DSTJ, L.L.P.'s (DSTJ) and Milestone Operating, Inc.'s

1

(Milestone) special exceptions and partial motion to strike.[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West Supp. 2017). The trial court orders at issue are (1) "Order Sustaining Defendants' Special Exceptions to Plaintiffs['] and Third-Party Defendants' 7th Amended Original Petition" signed February 9, 2018; and (2) "Order Granting Defendants' Motion to Strike Paragraphs 22 ('M & M's Declaratory Judgment') and 32–33 ('Attorney's Fees') in Plaintiffs['] and Third-Party Defendants' 8th Amended Original Petition" signed February 22, 2018. M & M and ELR assert their sole issue on appeal is "whether . . . ratification, which is a fact question . . . can be determined under Section 37.004 of the Texas Civil Practice and Remedies Code." DSTJ and Milestone disagree with M & M and ELR's framing of the issue and contend it is correctly framed as

> "[w]hether the trial court abused its discretion when the Court sustained Appellee's special exceptions and, thereafter, struck portions of Appellants' pleadings seeking declaratory relief and attorney's fees due to substantive defects; namely, that the dispute over the title to mineral rights, which Appellants claim reside[] with them due to alleged termination [of] an Assignment of mineral leases, should have been brought as a trespass to try title claim, under which attorney's fees may not be awarded."

---

[1] The trial court's orders granted Appellants the right to bring a permissive interlocutory appeal.

We determine Appellees have properly framed the issue. *See* Tex. R. App. P. 38.1(e) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.").

## Factual Background[2]

The underlying lawsuit involves a dispute over certain mineral estates in Jefferson County, Texas, specifically oil and gas leases. ELR and its owners, A.M. "Mickey" Phelan, III and Daniel Phelan, operate as "landmen" acquiring oil and gas leases of mineral interests. DSTJ[3] alleges it retained ELR in 2001 to negotiate with landowners in Jefferson County and obtain leases of mineral properties in the Bennett Blackman[4] and Gilleland Surveys. During 2001 and 2002, ELR procured several leases in the area DSTJ desired. Rather than acquire the leases in the name of DSTJ, ELR acquired the leases in the name of M & M, another company in which the Phelans had an ownership interest. M & M then executed an "Assignment of Oil, Gas and Mineral Leases" ("the Assignment") which assigned twenty-one leases in

---

[2] After notifying the parties and receiving no objections, we take judicial notice of the records of the previous appeals in this matter.

[3] DSTJ, L.L.P. is the successor in interest to DSTJ Corporation.

[4] Exhibit "A" to the Assignment refers to the "Bennette Blackman Survey." Other records as well as the parties refer to it as the "Bennett Blackman Survey," as do we throughout this opinion.

3

the Bennett Blackman and Gilleland Surveys to DSTJ.[5] The Assignment was executed on September 10, 2002, and signed by A.M. Phelan, III, president of M & M. The Assignment reserved an override royalty interest and contained a provision by which the assigned leases would automatically terminate and revert to M & M upon default by DSTJ. Paragraph M of the Assignment states

> If Assignee fails to make any payment under this Assignment when due, and still fails to pay within 30 days following receipt of Assignor's written demand for payment by certified mail to the address shown above, return receipt requested, Assignor shall have the option to terminate this Assignment in its entirety at the expiration of that 30-day period by filing written notice of termination in the real property records of Jefferson County, Texas. Upon termination, the Leases shall automatically revert to Assignor without any further action, together with all of Assignee's right, title and interest in all equipment, personal property and fixtures located on, or held or used in connection with the Leases. The reverted interests shall be free of all liens, security interests, production burdens and other encumbrances and defects created by, through or under Assignee, all of which shall be void as to Assignor. Assignor's remedies in this Paragraph M are cumulative, and are in addition to any other legal or equitable remedies available to Assignor for Assignee's breach of this Assignment.

DSTJ alleged in its counterclaim that M & M recorded the Assignment in the Jefferson County property records before M & M sent it to DSTJ for review. A.M.

---

[5] M & M executed a second Assignment on March 7, 2003, containing identical provisions and assigning ten additional leases in the Gilleland Survey to DSTJ, but the main dispute between the parties arises out of the first Assignment.

Phelan, III admitted in his testimony that he never gave DSTJ an opportunity to sign and convey its acceptance of the Assignment.

In March 2004, M & M notified DSTJ they were in default of the Assignment and made written demand for payment in a letter signed by Daniel Phelan. The same day, ELR sent DSTJ a letter signed by Daniel Phelan specifically demanding payment of all money due under the Barrier lease assigned by M & M to DSTJ.[6] On July 28, 2004, M & M recorded a "Notice of Termination" of the Assignment from M & M to DSTJ and giving notice that the leases in the Assignment automatically reverted to M & M.[7]

## Procedural Background

The procedural background is complex, but we will give a cursory recitation of those facts, as they are helpful in determining the relationships of the parties and the controversy in the underlying litigation.

Contemporaneously with recording the Notice of Termination, M & M filed its "Petition for Declaratory Judgment" against DSTJ alleging that DSTJ failed to make royalty payments due under the assignment for drilling and production

---

[6] Chauncey Shephard Barrier was the Lessor, and M & M Resources, Inc. was the Lessee. The lease was included in the first Assignment from M & M to DSTJ.

[7] The "Notice of Termination" was signed by A.M. Phelan, III.

associated with the Quail No. 1 well. M & M asserted the Assignment terminated when DSTJ failed to make payment after written demand. M & M sought a declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code that the Assignment terminated; that any right, title and interest of DSTJ in the leases made a part of the Assignment terminated; and, that all rights, title and interests conveyed by the leases of the Assignment are owned by M & M. M & M also sought to recover its costs and attorney's fees under section 37.009 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2015). DSTJ counterclaimed against M & M and filed a third-party claim against ELR. Milestone intervened as the entity that drilled the Quail No. 1 well, having received competing claims to funds from the production of the well.

The parties amended their petitions, counter-petitions, and answers several times. Consistently, through its eighth amended original petition, M & M has maintained its action for declaratory judgment seeking a declaration that it owns the mineral leases at issue and that any interest DSTJ had in the leases under the Assignment terminated. Additionally, M & M pleaded a cause of action for trespass to try title and for a fraudulently filed lien.

The first trial ended in a mistrial in June 2009. In October 2009, the Court granted M & M's partial summary judgment finding DSTJ ratified the Assignment;

6

terminated the Assignment from M & M to DSTJ; terminated all title, right and interest DSTJ had in the leases; and terminated DSTJ's right, title and interest in all equipment, personal property and fixtures located on, or held or used in connection with the leases and granted ownership to M & M. After the trial court granted M & M's partial summary judgment, the case was tried again in February 2011, to resolve (1) ELR's claims that three of the four leases terminated for failure to timely commence operations, (2) attorney's fees, and (3) DSTJ's claims for breach of fiduciary duty for purchase of the Barrier Minerals against ELR. The jury returned a verdict finding that M & M incurred reasonable attorney's fees and costs totaling $500,280.00, but the jury also found ELR breached its fiduciary duty to DSTJ. On appeal, this court reversed the October 2009 partial summary judgment and therefore, the final judgment and issued a general remand of the case for a new trial.[8] *See DSTJ, LLP v. M & M Resources, Inc.*, No. 09-11-00292-CV, 2012 WL 2450820, at *8 (Tex. App.—Beaumont, June 28, 2012, pet. denied) (mem. op.).

---

[8] Initially, the trial court refused to retry the entire case and took the position this court's opinion was not a general remand. DSTJ sought mandamus relief, and the Fourteenth Court of Appeals in Houston held this court's remand was a general remand. *See In re DSTJ, LLP*, No. 14-16-00645-CV, 2016 WL 6603739, at *5 (Tex. App.—Houston [14th Dist.] Nov. 8, 2016, orig. proceeding) (mem. op.).

The procedural background immediately preceding this appeal warrants discussion in greater detail. DSTJ filed special exceptions to M & M and ELR's sixth amended original petition.[9] In its special exceptions, DSTJ complained that paragraphs 20–29 of M & M's sixth amended original petition were an improper attempt to couch a trespass to try title action as a claim for declaratory relief under the Uniform Declaratory Judgments Act ("UDJA"). DSTJ also asserted in their special exceptions that any claim for attorney's fees was improper in a suit to quiet title.

Before the trial court ruled on DSTJ's special exceptions to M & M's sixth amended original petition, M & M amended its petition again. Although the seventh amended petition added a claim for trespass to try title and a suit to quiet title, it still contained claims for declaratory judgment and sought attorney's fees under the UDJA. DSTJ then filed its "First Supplement to Its Motion for Special Exceptions" in which it complained of M & M's sixth and seventh amended original petitions. DSTJ specially excepted to paragraphs 22, 23, and 24 of the seventh amended original petition contending that the "claims (declaratory judgment) [] are not permitted by law[,]" the "claim[s] may only be brought as a trespass to try title

---

[9] The petition included a claim for declaratory judgment to quiet title and for trespass to try title.

claim," and the "defect may only be cured by eliminating these claims and proceeding only with the claim for trespass to try title[.]" DSTJ further specially excepted to paragraphs 27–30 of M & M's seventh amended original petition in which M & M requested a finding that DSTJ's lien was invalid and "quieting title" "for oil and gas purposes" to the mineral rights M & M asserts are subject to the Assignment. DSTJ argued those claims were not appropriate for declaratory relief but may be brought only as a trespass to try title claim. Last, DSTJ specially excepted to paragraphs 32–33 of M & M's seventh amended petition in which M & M pleaded claims for attorney's fees. DSTJ contended that attorney's fees are not recoverable in a trespass to try title action. The trial court sustained DSTJ's special exceptions to paragraphs 22, 32, and 33 of M & M's seventh amended original petition and ordered M & M to replead paragraphs 23 and 24 within seven days, providing M & M an opportunity to amend its petition.

M & M subsequently filed its eighth amended original petition. Even so, paragraphs 22, and 32–33 of that petition were identical to those of the seventh amended petition. In response, DSTJ filed a "Motion to Partially Strike Pleadings," asking the court to strike those paragraphs for which special exceptions were sustained, arguing M & M failed to replead or eliminate the paragraphs (paragraphs 22, 32–33) and thus M & M had not cured the substantive defects. The trial court

signed an "Order Granting Defendants' Motion to Strike Paragraphs 22 ('M & M's Declaratory Judgment') and 32–33 ('Attorney's Fees') in Plaintiffs['] and Third-Party Defendants' 8th Amended Original Petition" and suggested the order could be appealed on an interlocutory basis. The trial court's order effectively dismissed M & M's declaratory judgment action and associated claims for attorney's fees. Additionally, the trial court's order struck paragraph 33 of M & M's eighth amended petition which sought attorney's fees associated with M & M's fraudulent lien claim under Civil Practice and Remedies Code section 12.002. This interlocutory appeal ensued.

## Standard of Review

We review a trial court's ruling on special exceptions under an abuse of discretion standard. *See Ross v. Goldstein*, 203 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.). "The trial court has broad discretion to grant special exceptions, and an appellate court will not disturb the trial court's ruling absent an abuse of discretion." *Hoover v. J & J Home Insps.*, No. 09-13-00454-CV, 2015 WL 367105, at *4 (Tex. App.—Beaumont Jan. 29, 2015, no pet.) (mem. op.) (citing *Ford v. Performance Aircraft Servs.*, 178 S.W.3d 330, 335 (Tex. App.—Fort Worth 2005, pet. denied); *Hefley v. Sentry Ins. Co.*, 131 S.W.3d 63, 65 (Tex. App.—San Antonio 2003, pet. denied); *Mowbray v. Avery*, 76 S.W.3d 663, 678 (Tex.

App.—Corpus Christi 2002, pet. denied)). Whether a trial court abuses its discretion depends on whether it acted without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *Ross*, 203 S.W.3d at 512. Likewise, we review a trial court's ruling on a motion to strike pleadings for an abuse of discretion. *See Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990) (op. on reh'g) (noting a trial court has broad discretion in determining whether an intervention should be stricken); *Gallien v. Washington Mut. Home Loans, Inc.*, 209 S.W.3d 856, 862 n.9 (Tex. App.—Texarkana 2006, no pet.) (noting whether the trial court's order was treated as simply an order striking pleadings or as the functional equivalent of a dismissal, the appellate court would apply the abuse of discretion standard of review).

**Analysis**

Special exceptions are a mechanism to question the legal sufficiency of a plaintiff's petition. *Ross*, 203 S.W.3d at 512. Special exceptions are also appropriate to challenge a pleading for failing to allege a cause of action recognized in Texas. *Id.* (citing *Trevino v. Ortega*, 969 S.W.2d 950, 951–52 (Tex. 1998)). Texas Rule of Civil Procedure 91 governs the filing of special exceptions. *See* Tex. R. Civ. P. 91. That rule requires special exceptions "not only point out the particular pleading

11

excepted to, but it shall also point out intelligibly and with particularity the defect . . . or other insufficiency in the allegations in the pleading excepted to." *Id.*

In its special exceptions and supplement, DSTJ identified the defects in M & M's sixth and seventh amended original petitions. DSTJ identified specific paragraphs in M & M's petitions which it contended constituted improper attempts to include in a declaratory judgment action claims they contended should only be brought in a trespass to try title action. DSTJ further excepted to the paragraphs in these amended petitions that sought attorney's fees under the UDJA, because if M & M's claims were properly brought as a trespass to try title action, the Texas Property Code would not allow for recovery of attorney's fees.

DSTJ specially excepted to paragraphs 22, 23, and 24 of the seventh amended original petition on the basis the "claims (declaratory judgment) [] are not permitted by law[,]" the "claim[s] may only be brought as a trespass to try title claim," and the "defect may only be cured by eliminating these claims and proceeding only with the claim for trespass to try title[.]" DSTJ further specially excepted to paragraphs 27–30 of M & M's seventh amended original petition, in which M & M requested a finding that DSTJ's lien was invalid and "quieting title" "for oil and gas purposes" as to the mineral rights M & M asserts are subject to the Assignment, and DSTJ argued those claims were not appropriate for declaratory relief, but must be brought

as a trespass to try title claim. We conclude DSTJ's special exceptions comport with Rule 91.

If a trial court sustains special exceptions and requires a party to replead, the litigant must obey the order and file a curative amendment or suffer the consequences of dismissal. *Hefley*, 131 S.W.3d at 65. Here, the trial court's order sustained DSTJ's special exceptions to paragraph 22, which outlined a claim for declaratory judgment under Texas Civil Practice and Remedies Code section 37.004, and paragraphs 32–33, which requested attorney's fees. The order also required M & M to replead paragraphs 23–24, which outlined ELR's declaratory judgment cause of action. M & M never amended its pleading to re-plead or otherwise remove paragraphs 22 and 32–33. Instead, identical paragraphs are contained in its eighth amended original petition.[10] DSTJ therefore moved to partially strike pleadings, specifically paragraphs 22 and 32–33 from M & M's pleadings. The trial court granted the motion to strike those paragraphs, effectively dismissing M & M's declaratory judgment cause of action. M & M's cause of action for trespass to try title was not affected by the trial court's order.

---

[10] M & M and ELR amended the paragraphs 23–24 to remove ELR's declaratory judgment and outline a trespass to try title claim.

13

We now turn to the propriety of the trial court's ruling sustaining DSTJ's special exceptions. *See Hoover*, 2015 WL 367105, at *4 ("Where a trial court has sustained special exceptions and dismissed [a] cause of action following the appellant's failure to amend, the controlling issue is the propriety of the trial court's ruling sustaining the special exceptions.") (citing *Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App.—Dallas 1993, writ dism'd w.o.j.)).

At the heart of this dispute is which party holds rightful title to certain mineral interests. In its live petition, M & M seeks a judgment declaring that it "is the owner of the mineral interests" and awarding it title to all personal property and fixtures "located on, or held in connection with the twenty-one (21) leases[.]" Even though M & M and ELR couched the relief sought under the Declaratory Judgments Act, the underlying dispute remains unchanged. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 389 (Tex. 2011)

Whether a claimant must seek relief related to property interests through a trespass to try title action, as opposed to a suit under the Declaratory Judgments Act, has been a source of confusion. *Lance v. Robinson*, 543 S.W.3d 723, 735 (Tex. 2018). "Generally, a trespass to try title claim is the exclusive method in Texas for adjudicating disputed claims of title to real property." *Sawyer Trust*, 354 S.W.3d at 389. The UDJA states a "person interested under a deed . . . or whose rights, status,

14

or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2015). Having rights under some instruments determined in a declaratory judgment action can be efficient for the parties. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004).

Even so, the Texas Property Code provides a "trespass to try title action is *the* method of determining title to lands, tenements, or other real property." *Lance*, 543 S.W.3d at 735 (quoting Tex. Prop. Code Ann. § 22.001(a) (West 2014)) (emphasis added by Texas Supreme Court). Texas Rules of Civil Procedure 783 through 809 governing trespass to try title actions require detailed pleading and proof. *See* Tex. R. Civ. P. 783–809; *Martin*, 133 S.W.3d at 265. "[A] plaintiff must usually (1) prove a regular chain of conveyances to the sovereign, (2) establish superior title out of a common source, (3) prove a title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin*, 133 S.W.3d at 265, (citing *Plumb v. Stuessy*, 617 S.W.2d 667, 668) (Tex. 1981)).

This court recently had the opportunity to examine a case with similar issues. *See Lackey v. Templeton*, No. 09-17-00183-CV, 2018 WL 3384570 (Tex. App.— Beaumont July 12, 2018, pet. filed) (mem. op.). *Lackey* involved competing claims

15

against mineral estates in which the trial court denied the appellant's special exceptions and granted partial summary judgment in favor of appellees who pursued their claims as a declaratory judgment action but failed to plead trespass to try title. *See id.* at *1. Much like DSTJ's arguments here, the appellants in *Lackey* argued appellees were not entitled to plead a claim that must be brought as a trespass to try title suit as a declaratory judgment action solely to obtain attorney's fees. *See id.* at *2. In that case, this court held appellees "were required to plead and prove a trespass-to-try-title action because their pleadings and motions for partial summary judgment sought to adjudicate title to mineral estates." *Id.* at *6. We held "that because [appellees] failed to plead a trespass-to-try-title action, the trial court erred in denying the defendants' special exceptions[.]" *Id.*

"If a dispute involves a claim of superior title and the determination of possessory interests in property, it must be brought as a trespass-to-try-title action." *Jinkins v. Jinkins*, 522 S.W.3d 771, 786 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 926 (Tex. 2013)). Moreover, when the "trespass-to-try-title statute governs the parties' substantive claims . . . [a party] may not proceed alternatively under the Declaratory Judgments Act to recover their attorney's fees." *Martin*, 133 S.W.3d at 267.

16

Here, because the underlying dispute involves ownership of the possessory interest in the mineral estates at issue, we conclude the proper and mandatory vehicle for resolving those claims is a trespass to try title action. *See id.*; *Lackey*, 2018 WL 3384570, at *6; *Jinkins*, 522 S.W.3d at 786; *see also* Tex. Prop. Code Ann. § 22.001. M & M may not proceed alternatively under the UDJA to seek recovery of their attorney's fees. *See Martin*, 133 S.W.3d at 267; *Jinkins*, 522 S.W.3d at 786.

M & M wishes to frame the issue before us as ratification of the assignment, and we agree there are fact issues surrounding that question, among others. *See DSTJ, L.L.P.*, 2012 WL 2450820, at *8. However, we disagree that ratification somehow negates the requirement this case be pleaded and litigated as a trespass to try title action or otherwise allows M & M to pursue declaratory relief in the alternative. Ratification may be an issue of the suit, but it is an issue within the context of a trespass to try title case, adjudicating which party holds superior title to the mineral estates.

Next, we turn to whether the trial court properly sustained and subsequently struck M & M's claim for attorney's fees under section 12 of the Texas Civil Practice and Remedies code for an alleged fraudulently filed lien.[11] *See* Tex. Civ. Prac. &

---

[11] M & M's claim for attorney's fees under section 12 are contained in paragraph 33 of its live pleading.

17

Rem. Code Ann. §§ 12.002(b), 12.006 (West 2014). We note that while DSTJ moved to strike the portion of the pleading seeking attorney's fees under sections 12.002(b) and 12.006, it did not move to strike M & M's underlying claim for filing an allegedly fraudulent lien under section 12.002.[12]

A claim for a fraudulently filed lien under section 12 of the Texas Civil Practice and Remedies Code allows for the recovery of attorney's fees. *See id.* §§ 12.002(b), 12.006. Whether the rule prohibiting a plaintiff from recovering attorney's fees in a trespass to try title case by pursuing a declaratory judgment action in the alternative likewise bars a plaintiff from recovering attorney's fees in a fraudulent lien action appears to be a question of first impression.

In its live petition, M & M requested that the court enter a judgment that the Affidavit of Lien Against Mineral Property filed by DSTJ is invalid, thereby quieting title to the land, leasehold interest, and all personal property and fixtures associated with the mineral interests. By the very nature of M & M's requested relief, the lien is subject to the outcome of the trespass to try title action. The law is clear when the substance of the controversy involves the resolution of issues of title to real property, the proper vehicle to adjudicate those issues is a trespass to try title suit. *See* Tex.

---

[12] M & M's claim for filing an invalid or unenforceable lien under section 12.002 is contained in paragraph 29 of its live pleading.

Prop. Code Ann. § 22.001(a) (trespass to try title as "*the* method of determining title to . . . real property") (emphasis added); *see also Lance*, 543 S.W.3d at 735; *Coinmach*, 417 S.W.3d at 926; *Martin*, 133 S.W.3d at 267. The law is well-settled in a trespass to try title case, a plaintiff may not alternatively pursue a declaratory judgment action to seek recovery of attorney's fees. *See Coinmach*, 417 S.W.3d at 926; *Martin*, 133 S.W.3d at 267. The disputes here for personal property, fixtures and DSTJ's filing of a lien against one of the mineral estates all hinge on which party has a superior possessory or ownership interest in the mineral estate. Resolution of the trespass to try title action necessarily implicates the merits of M & M's claim that DSTJ's recorded lien is fraudulent. For the same reasons courts have held a plaintiff may not alternatively pursue a declaratory judgment action in a trespass to try title case to seek to recover attorney's fees, we likewise conclude a plaintiff may not alternatively pursue a claim for a fraudulently filed lien under section 12 of the Texas Civil Practice and Remedies Code in a trespass to try title action to seek to recover attorney's fees. *See Coinmach*, 417 S.W.3d at 926; *Martin*, 133 S.W.3d at 267. In this trespass to try title case, the trial court did not abuse its discretion in

19

striking M & M's request for attorney's fees in connection with its claim for a fraudulently filed lien under section 12.[13]

We overrule appellant's sole issue.

## Conclusion

M & M and ELR's claims in this case seek a determination of superior title to the mineral estates at issue and as such, must be pursued as a trespass to try title action, which cause of action does not allow for the recovery of attorney's fees. Thus, M & M and ELR may not seek recovery of attorney's fees by alternatively pleading a cause of action under the Declaratory Judgments Act or for a fraudulently filed lien. We conclude the trial court did not abuse its discretion in sustaining DSTJ's special exceptions and striking those portions of M & M's pleading seeking declaratory relief and attorney's fees.

AFFIRMED.

_____
CHARLES KREGER
Justice

_____

[13] We note that while DSTJ did not ask the court to strike Paragraph 29 of plaintiffs' eighth amended petition and only asked the court to strike the attorney's fees associated with that claim, such a cause of action is not permitted in a trespass to try title case and should be handled in a manner analogous to a declaratory judgment action in such cases.

Submitted on June 5, 2018
Opinion Delivered November 15, 2018

Before McKeithen, C.J., Kreger, and Burgess, JJ