# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-17-00464-CV
_____

## VEL HOLDINGS, LLC, Appellant

## V.

## MILHORN DEVELOPMENT, LLC, Appellee

**On Appeal from the 356th District Court**
**Hardin County, Texas**
**Trial Cause No. 58156**

## MEMORANDUM OPINION

Appellant VEL Holdings, LLC (VEL) appeals the trial court's order granting summary judgment on Milhorn Development, LLC's (Milhorn) declaratory judgment action. *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 37.001–.011 (West 2015). In two issues, VEL asks (1) whether Milhorn had standing to bring its cause of action in the trial court, and (2) whether the trial court erred "in granting Milhorn's Motion for Summary Judgment and Declaratory Judgment when it ruled

1

that Claire Oil and Gas, Inc. did not own any oil and gas leases covering all or a portion of the described lands in the July 2, 2014 Deed of Trust[.]" We affirm the trial court's judgment.

## I. Background

On March 1, 2006, WFMMS, Inc. assigned oil and gas leases of Lots fourteen through thirty-one as described in an Agreement between S.R. Buchanan and B.G. Dowell, et al., dated December 8, 1927, to Claire. On March 15, 2011, Claire and Vanguard Energy Corporation (Vanguard) entered into a farmout letter agreement whereby Vanguard would "conduct further operations for the exploration and development of said land for the mutual benefit of [Claire] and [Vanguard.]" The farmout letter agreement described the property as "100 acres, more or less, out of the Josephine Milhorn Survey, A-387, Hardin County, Texas, sometimes referred to as the Tomlinson Unit, and being Lots 14 through 31 described in an instrument dated March 29, 2006, from WFMMS, Inc. to Claire[.]" The farmout letter agreement between Claire and Vanguard outlined the terms for percentages earned, drilling test wells, number of wells to be drilled, operations, extensions and renewals, plugging and abandoning wells, and termination of the agreement, among other things. Thereafter, on April 18, 2011, Claire and Vanguard executed a memorandum of farmout agreement containing the same property description which referenced the

2

farmout letter agreement between the parties. The parties recorded the memorandum of farmout agreement in the real property records of Hardin County on April 20, 2011.

On June 26, 2012, Claire executed a Quitclaim Deed conveying its interests in the leased property to Wendy Southerland. This conveyance expressly provided that it was subject to the March 15, 2011 farmout agreement between Claire and Vanguard. On December 20, 2012, Southerland and Vanguard agreed in writing to extend the March 15, 2011 farmout agreement previously made between Claire and Vanguard. This extension provided that Southerland waived any requirement regarding the number of wells to be drilled through the date of the letter. Further, the extension additionally reduced the number of wells Vanguard had to drill from six wells to three. With the exception of those amendments, the prior farmout agreement remained "in force and effect in accordance with its terms."

On June 13, 2014, Vast Exploration (Vast), a successor in interest to Vanguard, executed a deed of trust for a $6.9 million promissory note held by VEL. As security for the note, Vast used its "interest" in five of the oil and gas leases at issue, in addition to interests it held in other unrelated leases. Specifically, the description indicated the security interest attached to

> [a]ll those oil and gas leases owned by Dr. Michael C. Holmes, WFMMS, Inc., and/or Claire Oil and Gas, Inc. covering all or a portion of the following described lands:
>
> 100 acres, more or less, out of the Josephine Milhorn Survey, A-387, Hardin County, Texas, sometimes referred to as the Tomlinson Unit, and being Lots 14 through 31 described in an instrument dated March 29, 2006, from WFMMS, Inc. to Claire[.]

VEL ultimately foreclosed on the note. The substitute trustee executed a deed, assignment, conveyance, and bill of sale on April 4, 2017, each using the same property description as the original deed of trust. Vast was the grantor, and VEL was the grantee, with the stated consideration of a $2 million credit on the deed of trust.

Prior to the foreclosure and Vast's conveyance to VEL, Southerland entered into a separate farmout agreement with Milhorn covering the same property interests and expressed that the prior agreement between Southerland and Vanguard "expired and/or terminated in accordance with their terms prior to Milhorn's acquisition of any rights in such agreement(s)." Following the foreclosure, VEL advised Sunoco of the title dispute. Upon learning of the dispute, Sunoco withheld further revenue payments to Milhorn until the parties resolved the dispute.

Milhorn filed suit for declaratory judgment and to quiet title. [1] VEL's answer contained a general denial. Milhorn later moved for summary judgment on its

---

[1] VEL did not file special exceptions in the trial court, did not complain in its summary judgment response, and does not raise an issue on appeal regarding

4

declaratory judgment claim and sought "summary judgment that Milhorn is the rightful owner of the mineral interests subject to the Farmout Agreement." In the trial court, in its response to the summary judgment motion, VEL argued that Vanguard's interest in the mineral leases continued despite Claire's conveyance (by Quitclaim Deed) to Southerland. VEL argued that the Vanguard farmout agreement predated the conveyance from Claire to Southerland, and Southerland purchased her interests from Claire subject to the farmout agreement; however, VEL did not

Milhorn's use of a declaratory judgment action in the underlying litigation. *See* Tex. R. Civ. P. 91, 329b; *see also* Tex. Prop. Code Ann. § 22.001 (West 2014). While we have previously held a trespass to try title action is the proper vehicle to resolve such issues, a complaint about the failure to use a trespass to try title action instead of a declaratory judgment action can be waived if not raised in the trial court. *See M & M Res., Inc. v. DSTJ, LLP*, 564 S.W.3d 446, 456 (holding that determination of superior title to the mineral estates must be pursued as a trespass to try title action in a case where a party specially excepted to claims being pursued as a declaratory judgment action); *Lackey v. Templeton*, No. 09-17-00183-CV, 2018 WL 3384570, at *6 (Tex. App.—Beaumont July 12, 2018, pet. denied) (mem. op.) (concluding that plaintiffs seeking adjudication of title to mineral estates were required to plead and prove a trespass to try title action when defendants specially excepted to use of a declaratory judgment action); *Lake Livingston Props., Inc. v. Stephens Hills Prop. Owner's Assoc., Inc.*, No. 09-15-00304-CV, 2016 WL 7177698, at *3 (Tex. App.—Beaumont Dec. 8, 2016, no pet.) (mem. op.) (noting that "by voluntarily allowing the matter to be resolved as a declaratory judgment action, the Appellants waived their right to complain that the trial court relied on the wrong statute when it resolved the dispute"). Because VEL contests a single declaration in the trial court's summary judgment order, we limit our inquiry to the issue raised, specifically, the trial court's declaration that "Claire Oil and Gas, Inc. did not own any of the oil and gas leases covering all [or] a portion of the described lands in the July 2, 2014 Deed of Trust." *See* Tex. R. App. P. 47.1.

challenge the validity of the Claire Quitclaim Deed to Southerland in its summary judgment response. The trial court granted Milhorn's motion for summary judgment. The summary judgment order contained the following declarations:

> 1. VEL Holding's Deed of Trust would have only attached, if at all, to leases owned by Dr. Michael C. Holmes, WFMMS, Inc., and/or Claire Oil and Gas, Inc. on July 2, 2014.
> 2. Dr. Michael C. Holmes, WFMMS, Inc., and/or Claire Oil and Gas, Inc. did not own any oil and gas leases covering all [or] a portion of the described lands in the July 2, 2014 Deed of Trust.
> 3. Defendant VEL Holdings has no property or lien interest in any oil and gas leases owned by Wendy Southerland.
> 4. Milhorn Development, LLC's interest in the oil and gas leases owned by Wendy Southerland is and was unaffected by the foreclosure sale conducted by VEL Holdings.

The trial court also awarded Milhorn $15,000.00 in attorney's fees. On appeal, VEL challenges Milhorn's standing to sue and only the trial court's summary judgment declaration that "Claire Oil and Gas, Inc. did not own any oil and gas leases covering all [or] a portion of the described lands in the July 2, 2014 Deed of Trust."[2]

## II. Standard of Review

"In reviewing a declaratory judgment, we refer to the procedure for resolution of the issue at trial to determine the applicable standard of review on appeal." *Farmers Ins. Exch. v. Rodriguez*, 366 S.W.3d 216, 222 (Tex. App.—Houston [14th

---

[2] VEL does not challenge any other declaration contained in the trial court's summary judgment order.

6

Dist.] 2012, no pet.) (citations omitted); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 37.010. Because the trial court determined the underlying declaratory judgment action via summary judgment, we apply the applicable summary judgment standard of review. *See Farmers*, 366 S.W.3d at 222 (citing *English v. B.G.P. Int'l, Inc.*, 174 S.W.3d 366, 370 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). We review the trial court's ruling on a summary judgment *de novo*. *See SeaBright Ins. Co. v. Lopez*, 465 S.W.3d 637, 641 (Tex. 2015) (citation omitted). The moving party must prove no genuine issue of material fact exists, and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Mann Frankfort*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 208 (Tex. 2002)). When a movant provides evidence establishing its entitlement to summary judgment, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996).

7

# III. Analysis

## A. Milhorn's Standing

In its second issue, VEL asserts that Milhorn lacked standing to bring a cause of action. Since the question of standing implicates jurisdiction, we address this issue first. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012 (citation omitted) (explaining that "[a] court has no jurisdiction over a claim" if the plaintiff "lacks standing to assert it"). Standing is a constitutional prerequisite to maintaining a lawsuit. *See Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001) (citing *Texas Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)). Generally, unless conferred by statute, to have standing, a plaintiff must show it possesses an interest in a conflict distinct from that of the general public, "such that the defendant's actions have caused the plaintiff some particular injury." *Id.* at 178–79 (citing *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984)). "[U]nder Texas law, standing limits subject matter jurisdiction to cases involving a distinct injury to the plaintiff and 'a real controversy between the parties, which . . . will be actually determined by the judicial declaration sought.'" *Brown v. Todd*, 53 S.W.3d 297, 305 (Tex. 2001) (quoting *Tex. Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 517–18 (Tex. 1995)); *see also Neeley v. West Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 774 (Tex. 2005).

VEL foreclosed on a deed of trust which purported to create a security interest in the mineral leases at issue. Milhorn's original petition claimed that "[b]ecause of Defendant's interference with Plaintiff's proper ownership, Plaintiff has suffered actual damages." In its motion for summary judgment, Milhorn asserted that by proceeding with the foreclosure sale and notifying Milhorn's first purchaser it was the valid owner of the property, VEL interfered with its rights. Milhorn asserted in its summary judgment motion that VEL's conduct caused it to suffer a suspension of revenue payments until the title dispute was resolved. As part of its summary judgment evidence, Milhorn submitted the affidavit of its president which described the suspension of its revenue payments caused by the dispute.

Because Milhorn claimed a distinct injury due to VEL's conduct in the form of interrupted revenue payments and sought judicial resolution of the dispute over ownership interest in the leases, it had standing to maintain a suit against VEL. *See Neeley*, 176 S.W.3d at 774; *Williams*, 52 S.W.3d at 178; *Brown*, 53 S.W.3d at 305. We overrule VEL's second issue.

**B. Trial Court's Summary Judgment and Declaration as to Claire's Interest**

We now turn to VEL's remaining issue. The only declaration VEL challenges on appeal from the trial court's summary judgment order is that "Claire Oil and Gas, Inc. did not own any oil and gas leases covering all or a portion of the described

lands in the July 2, 2014 Deed of Trust[.]" Accordingly, we confine our review to this issue. *See* Tex. R. App. P. 47.1; Tex. R. Civ. P. 166a(c) (stating that appellate courts cannot reverse a summary judgment on grounds "not expressly presented to the trial court by written motion, answer or other response"); *Sonat Expl. Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex. 2008) (citations omitted) (noting that an appellate court cannot reverse on a ground an appellant has never raised). In support of its issue, VEL argues that Milhorn based its summary judgment motion on the assumption that the Claire-Southerland Quitclaim Deed was valid. VEL did not challenge the validity of the Quitclaim Deed in response to Milhorn's motion for summary judgment but, VEL asserts for the first time on appeal, the Claire-Southerland Quitclaim Deed is void because it fails to satisfy the statute of frauds or statute of conveyances.

VEL is not a party to the instrument. Even if we assume without deciding that VEL had standing to challenge the conveyance, the statute of frauds and statute of conveyances are affirmative defenses that must be pleaded. *See* Tex. R. Civ. P. 94; *Kanan v. Plantation Homeowner's Ass'n Inc.*, 407 S.W.3d 320, 333 (Tex. App.—Corpus Christi 2013, no pet.) (citations omitted) (noting that Rule 94 "requires the pleading of the statute of frauds and 'any other matter constituting an avoidance or affirmative defense,' such as the statute of conveyances"). "Such matters must be

10

pleaded or they are waived." *Id.* (citations omitted). In the trial court, VEL neither raised these affirmative defenses in its answer nor challenged the Claire-Southerland Quitclaim Deed's validity in its response to Milhorn's motion for summary judgment. We are precluded from reviewing the merits of this argument because VEL failed to raise the issue first in the trial court. *See* Tex. R. Civ. P. 94, 166a(c); *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 136–37 (Tex. 2014) (concluding an affirmative defense cannot be raised for the first time on appeal); *Garcia v. Garza*, 311 S.W.3d 28, 44 (Tex. App.—San Antonio 2010, pet. denied) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979) ("A party cannot raise new reasons why a summary judgment should have been denied for the first time on appeal."); *see also* Tex. R. App. P. 33.1.

## IV. Conclusion

We conclude Milhorn had standing to bring its lawsuit against VEL, and because VEL failed to preserve the issue of the Claire-Southerland Quitclaim Deed's validity by raising it in the trial court, we are precluded from reaching its merits. *See* Tex. R. Civ. P. 94, 166a(c); Tex. R. App. P. 33.1; *MAN Engines & Components, Inc.*, 434 S.W.3d at 136–37; *Garcia*, 311 S.W.3d at 44. Accordingly, we affirm the trial court's judgment.

11

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 2, 2019
Opinion Delivered July 11, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.